UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:20-cr-00159-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| FERNANDO NAJERA, | |
| Defendant. | |

**INTRODUCTION**

Before the court is the Government's motion to Authorize Payment from

Inmate Trust Account filed on January 20, 2022 (Dkt. 47). Defendant Fernando

Najera has not filed a response. For the reasons that follow, the Court will grant the

Government's motion.

**BACKGROUND**

Mr. Najera plead guilty to Possession with Intent to Distribute

Methamphetamine, Aid and Abet, in violation of 21 U.S.C.§ 841(a)(1) and 18

U.S.C. § 2. On November 18, 2021, this Court sentenced Najera to 60 months

imprisonment, five years of supervised release, a $100.00 special assessment, and a

fine of $500.00. Najera is in the custody of the Bureau of Prisons and is currently

**MEMORANDUM DECISION AND ORDER - 1**

housed at FDC SEATAC.

To date, Najera has paid nothing toward the special assessment fee and fine. Thus, Najera owes a balance of $600.00 on his monetary penalties.

The Government has been informed that Najera has approximately $600.00 in his inmate trust account maintained by the BOP. The Government asks the Court, pursuant to 18 U.S.C. §§ 3613(a), 3613(c), and 3664(n), to authorize payment to the Clerk of Court from Najera's inmate trust account.

## ANALYSIS

Procedures and remedies for enforcing criminal monetary penalties and restitution are set out in 18 U.S.C. §§ 3613, 3664. Section 3613 provides, in relevant part, that a fine or an order of restitution is to be treated as a "lien in favor of the United States on all property and rights to property of the person fined," or against whom an order of restitution is issued, with some specified exceptions. 18 U.S.C. § 3613(a), (c), (f). The specified exceptions do not apply to property in the form of cash. *See* 18 U.S.C. § 3613(a)(1)-(3).

Furthermore, the Mandatory Victims' Restitution Act (MVRA) requires: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source ... during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still

MEMORANDUM DECISION AND ORDER - 2

owed." 18 U.S.C. § 3664(n).

Some courts have recognized that the Government may pursue immediate or adjusted enforcement of criminal monetary sanctions as long as the judgment contains no language to the contrary. *See United States v. James*, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004); *United States v. Webb*, 2014 WL 4371276, at *1 (D. Ariz. Sept. 4, 2014); *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007); *United States v. Clayton*, 646 F. Supp. 2d 827, 836 (5th Cir. 2009); *see also United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) ("Participation in the IFRP and compliance with a payment schedule does not preclude[ ] the Government from using other available collection mechanisms to seek payment of monetary penalties"). *But see United States v. Armstrong*, No. 09-CR-135 (BAH), 2020 WL 136289, at *6 (D.D.C. Jan. 13, 2020) (declining to compel restitution payment from an inmate's trust account, when the restitution order "limits payments to $50 per quarter during the defendant's term of incarceration").

Here, the Judgment against Najera does not contain any statement precluding the immediate or adjusted enforcement of the fine assessment, nor is it worded in terms of limiting the amount of payment due. *See* Dkt. 42. To the contrary, the Judgment states that while in custody, Najera "shall submit nominal payments of *not less than* $25 per quarter." *Id.* (emphasis added).

**MEMORANDUM DECISION AND ORDER - 3**

As discussed above, Najera has a balance of $600.00 owing on the fine imposed. He currently has funds in the amount of approximately $600.00 in his inmate trust account maintained by the BOP. The Court will therefore grant the Government's motion and require the BOP to deliver to the Clerk of the Court all funds in Najera's inmate trust account in an amount not to exceed $600.00.

## ORDER

**IT IS ORDERED that:**

1. The Government's Motion to Authorize Payment from Inmate Trust Account (Dkt. 47) is **GRANTED**.

2. BOP shall deliver to the Clerk of the Court all funds not to exceed $600.00 from Defendant Fernando Najera's inmate trust account.

3. The Clerk of the Court shall apply these funds as payment towards the criminal monetary obligations owed by Defendant Fernando Najera in this case.

DATED: April 11, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**